STATE EX REL. HARRIS *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 34, October Term, 1949.]

*Decided April 12, 1950.*

Before MARBURY, C. J., and COLLINS, GRASON, HENDERSON and MARKELL, JJ.

GRASON, J., delivered the opinion of the Court.

This is an application for leave to appeal from the refusal of a writ of *habeas corpus.*

The petitioner was convicted in the Criminal Court of Baltimore City by Judge Tucker, on September 26, 1949, of receiving stolen goods, and sentenced to a term of four years in the Maryland Penitentiary, dated from May 15, 1949. The docket entries of the Baltimore City court disclose that between the date of his conviction and sentence, and January 18, 1950, the petitioner has made application for the writ of *habeas corpus,* praying to be discharged from the sentence imposed by Judge Tucker, to five judges of the Supreme Bench of Baltimore City. He was brought before Judge Mason on a writ of *habeas corpus* on January 12, 1950, and after hearing the judge refused to dismiss him, and he was remanded to the penitentiary.

On January 17, 1950, Judge Sayler considered the last petition and wrote to the petitioner on that date (which letter was filed January 18, 1950) as follows:

"Your letter dated December 26th, 1949, has just been referred to me by the Clerk of the Baltimore City Court. Your letter requests that a Writ of *Habeas Corpus* be issued. You allege that you are being detained without due process of law for the following reasons:—

"1—Faulty indictment;

"2—You were not permitted to have any witnesses;

"3—'without the aid of his counsel, nor given notice in due time in order for him to arrange to have counsel employed to defend him';

"4—Not permitted to take witness stand;

"5—Not permitted to question any of the 'defend'.

"After receiving your letter I made an examination of the court docket which says that you were represented at your trial before Judge Tucker on September 26, 1949, by E. L. Perkins, a member of the Maryland Bar. I have also learned from records in the Court House that on October 14th, 1949, you petitioned Judge Moser for

a Writ, and your request was denied. Also that on November 15th, 1949, you filed a like petition with Judge Smith, and once again it was denied. The record further discloses that on January 12th, 1950, you appeared before Judge Mason on a Writ and you were remanded to the Penitentiary. You should have mentioned these instances in your letter. It is apparent that you are attempting to get a new trial by means of a Writ of Habeas Corpus, and this is not permissible under our law. If you were not satisfied to go to trial when you did, you should have informed the distinguished Judge presiding in your court. In like manner, if you were not satisfied with the Judge's decision you had the right to file a motion for a new trial or appeal the case. If you were not satisfied with the conduct of your attorney, you should have informed the Judge at the time of the trial. If you were not satisfied with rulings by Judges Moser, Smith and Mason you had the right to appeal.

"Before I would issue a Writ of *Habeas Corpus,* in view of the proceedings which have heretofore taken place, it would be necessary for you to offer some proof that the reasons which you now advance were not presented before the other Judges who ruled on your petitions. I do not feel that you have advanced any legally sufficient reasons to warrant the issuance of the Writ in question and I must decline to do so."

The statute provides that whenever a judge to whom an application for the writ of *habeas corpus* has been made finds by the record before him, or otherwise, that the applicant "has previously been granted a hearing on a prior application for release from confinement under the same commitment, it shall be discretionary with the judge whether or not to issue the writ. In exercising his discretion the judge may consider whether new grounds of a substantial nature appear to exist for the granting of the writ or whether the grounds for the issuance of any former writ were fully and adequately presented". Section 3A, Article 42, 1947 Supplement to the Code.

We think, in refusing the writ of *habeas corpus,* Judge Sayler exercised a reasonable discretion.

*Application denied, without costs.*