## BURKE *v.* BURKE

[No. 178, October Term, 1953.]

638

*Decided June 22, 1954.*

*Motion for rehearing filed July 9, 1954, denied July 21, 1954.*

The cause was argued before BRUNE, C. J., and COLLINS, HENDERSON and HAMMOND, JJ.

*James M. Burke* in proper person.

*Malcolm J. Coan* and *Howard Calvert Bregel* for the appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal by James M. Burke, appellant, from a decree granting a divorce *a vinculo matrimonii* to the appellee, Helen V. Burke, and incorporating in the decree a stipulation entered into by the parties.

On February 27, 1953, the appellee filed a bill of complaint against the appellant asking the chancellor to decree that the property at 801 Beechfield Road in Baltimore County be impressed with a trust in her favor in accordance with her interest in said property, and that an injunction be issued restraining the appellant from disposing of said property. On September 25, 1953, the bill of complaint was amended by adding an allegation that the appellant had abandoned and deserted the appellee for more than eighteen months. The amended bill asked, in addition to the relief prayed in the original bill, that she be divorced *a vinculo matrimonii* from the appellant. No demurrer was filed to the amended bill, which was answered by the appellant. From a decree granting the relief prayed, the appellant appeals.

In the appendix to the appellant's brief there is no testimony on the question of divorce nor are any of the facts as to the divorce recited in either the appellant's or the appellee's brief or in the opinion of the chancellor. The testimony of the appellee and one witness is contained in the appendix to the reply brief of the appellant. We will therefore decide the question of divorce, which was not seriously contested in this Court, on the evidence contained in the appendix to the reply brief.

*Grimm v. Virts,* 189 Md. 297, 299, 55 A. 2d 716; *Naughton v. Paul Jones & Co.,* 190 Md. 599, 604, 605, 59 A. 2d 496. The wife testified that the parties were married on December 31, 1936. Two sons were born as a result of that marriage, one twelve years of age and the other fourteen at the time of the hearing in the case. On August 1, 1950, the husband without any just cause or reason ceased to occupy the bedroom with his wife. He moved into another room in the house. He also removed all of his clothing and effects from her room. Since that time the wife has made several attempts to become reconciled with her husband without success, the husband having repulsed all such attempts. This abandonment by the husband has continued uninterrupted since August 1, 1950, and there is no reasonable hope or expectation of a reconciliation of the parties. Martha Warren, a servant in the home, testified that the appellee's conduct toward her husband was always kind, and that she was a faithful wife and good mother. She also testified that she started to work in the home in September 1950, and during the two years she worked there the parties occupied separate bedrooms. From this testimony we cannot say that the chancellor was clearly wrong in finding that the appellant had abandoned the appellee; that such abandonment which had continued uninterrupted for at least eighteen months was deliberate and final; and that the separation of the parties was beyond any reasonable expectation of reconciliation. Therefore, under the provisions of Code, (1951), Article 16, Section 33, the appellee was entitled to a divorce *a vinculo matrimonii. Smoot v. Smoot,* 200 Md. 216, 221, 88 A. 2d 465, and cases there cited.

On March 30, 1948, the Title Guarantee Company of Baltimore, to which the parties to this case had the same day executed a deed, conveyed the property at 801 Beechfield Road, Baltimore County, "* * * unto and to the proper use of the said James M. Burke for and during the term of his natural life so that the said

James M. Burke during his life time may and shall be authorized and empowered to take collect and receive the income rents issues and profits thereof and appropriate and apply the same to his own use and benefit and with full power in the said James M. Burke at any time during his natural life to sell mortgage lease or otherwise encumber but not to include the power to dispose of by will not only his life estate in the aforesaid property hereby conveyed but the interest of the remaindermen as set forth in this deed to the end that *the said James M. Burke may by his own act and deed fully and effectually bar extinguish and encumber his own interest and the interest of said remaindermen in such manner as he may deem proper* without any obligation on the part of any purchaser lessee or mortgagee to see to the application of the purchase money derived from said property and with the full right to consume the proceeds of sale. And from and immediately upon the death of the said James M. Burke then in the event said property shall be undisposed of unto the said Helen V. Burke, Robert Joel Burke and James Madison Burke as joint tenants and not as tenants in common their assigns the survivor of them and the heirs and assigns of the survivor in fee simple." (Italics supplied here.)

During the hearing of the case in open court before the chancellor, in the presence of the appellant and his solicitors and the appellee and her solicitor, without any objection from any of the parties or their solicitors, the following stipulation was read to the chancellor, typewritten, filed by the parties, and included in the record of the case: "Mr. Bregel: If the Court please, we would like to enter into the stipulation that it is agreed by and between the parties and their respective counsel after due deliberation and consideration and after both litigants have been fully advised of their rights, as follows: One, that in the event of the signing of a Decree of absolute divorce in this case, that the property which is now divested [sic *vested*] in James

M. Burke for life with full power to sell shall be restored by proper conveyances to the names of the parties to this cause, to wit: Helen V. Burke and James M. Burke as tenants by the entireties, subject to the present existing encumbrances thereon: It is further stipulated that as a result of any such decree that respective counsel will then take the necessary steps to secure for each of their respective clients an equal distribution of said property, fee simple property, and all of the household contents by either public or private sale or by division of the chattels to the end and intent that both of the litigants will have received an equal share of either the proceeds of such sale or an equal division of the chattels and furnishings and effects; It is further stipulated by and between the parties that any gifts of furniture or any other chattels or personal effects heretofore received by the defendant from his family, relatives or friends, shall be his individual property, and any gifts or other effects given by the members of the family of the wife, or her friends or relatives, shall be considered to be her property and not subject to the divisions hereinbefore stated." The stipulation also contained, among other things, an agreement as to the custody of the children and the amount the husband should pay to the wife for their support. The husband agreed, among other things, to pay the costs of the court proceedings, the medical and dental bills for the children, and provide for their present and future education. The wife agreed to waive all claim for alimony, for support for herself, temporary, permanent, past, present, or future, and not to contract any debts for which the husband might be liable. It was also agreed that the children should attend the Baptist church.

In view of the finding by the court that the wife was entitled to a divorce *a vinculo matrimonii*, this stipulation was contained in the chancellor's decree of December 28, 1953, which in part follows: "* * * HELEN V. BURKE be and she is hereby divorced A VINCULO

MATRIMONII from JAMES M. BURKE. AND IT IS FURTHER ORDERED, That the fee simple property located at 801 Beechfield Road, Baltimore County, now standing in the name of *James M. Burke for life with full power of sale, be restored by proper conveyances to the parties hereto as tenants by the entireties, subject to the present existing encumbrances thereon.* AND IT IS FURTHER ORDERED, That respective counsel will then take the necessary steps to secure for each of their respective clients an equal distribution of said property, fee simple property, and all of the household contents by either public or private sale or by division of the chattels to the end and intent that both of the litigants will have received an equal share of either the proceeds of such sale or an equal division of the chattels, furnishings and effects; that any gifts of furniture or any other chattels or personal effects heretofore received by the defendant from his family, relatives or friends, shall be his individual property, and any gifts or other effects given by the members of the family of the wife, or her friends or relatives, shall be considered to be her property and not subject to the divisions herebefore stated." The decree also contained the other provisions of the stipulation as to custody of the children, their support and church attendance, costs of the proceedings, payment of bills of the children including their education, waiver of alimony, and contracting of debts by the wife.

It is clear that had the life tenant sold the property and consumed the proceeds of sale, it would have been within the power granted him in the deed, and the effect of such a sale would have been to destroy the remainders. *Benesch v. Clark,* 49 Md. 497, 504. Compare *Willoughby v. Trevisonno,* 202 Md. 442, 97 A. 2d 307. It has been held that a power to sell and appropriate the proceeds includes the power to transfer the property in satisfaction of a debt. *Brown v. Farmers' Loan & Trust Co.,* 117 N. Y. 266; 22 N. E. 952. It was stated in that

case that the substance, rather than the form, of the transaction was the determining factor, and that had the donee of the power actually sold the property and used the money to pay the debt the result would have been the same. Such would have been the result here. The aforesaid stipulation was an agreement or contract to execute the power in the aforesaid deed of March 30, 1948, from the Title Guarantee Company of Baltimore, under the condition set forth in that stipulation. When the condition was met, the stipulation became effective and the appellant received as consideration the benefits to him under the stipulation, such as custody of the children and waiver of alimony, it operated as a defeasance of the remainders, and "consumed the proceeds of sale." The stipulation, if not a conveyance or final disposition of the fee, amounted at least to a contract between the parties, *Southern Colonization Co. v. Cole*, 185 Wis. 469, 201 N. W. 817; *Fair Mercantile Co. v. Union-May-Stern Co.*, 359 Mo. 385, 221 S. W. 2d 751, 755; *Kynin v. Grand Plaza Caterers*, 265 N. Y. S. 614; *DeSantolo v. LaPorte*, 89 N. Y. S. 2d 114, whereby Mr. Burke undertook to execute his power. A contract to execute a power of this sort is treated like a defective execution of the power and may be enforced against the donee. *Sugden on Powers*, 8th Ed., Chapter II, Sec. 2; *Taussig v. Reel*, 134 Mo. 530, 34 S. W. 1104, 1108. "In equity, an executory contract of sale is given full effect as a transfer of the equitable interest. *Kinsey v. Drury*, 146 Md. 227, 126 A. 125." *Takacs v. Doerfler*, 187 Md. 62, 66, 48 A. 2d 328. The legal effect of the decree is not before us in this case.

The appellant appeals to this Court from the decree of December 28, 1953, by what he designates as a "Petition for Appeal" and "Petition To Amend Appeal". In these so-called petitions the appellant seeks to renounce that part of the stipulation which affects real estate only, to retain the other portions, and to have incorporated in the record on appeal certain documents

which were not before the chancellor below. During the argument in this Court the appellant admitted that at no time during the hearing below or before the decree was filed by the chancellor did he in any way object to the stipulation. This was done in these petitions. This Court has no original jurisdiction, its function being purely appellate. *Smith v. Hooper,* 95 Md. 16, 33, 54 A. 95. The appellant by these petitions attempts, not only to repudiate a part of his stipulation, but also to introduce additional evidence in the case. We have no power to inspect documents or consider evidence which was not offered below to determine whether the findings were correct. Rule 9 of the Court of Appeals. In *Stanley v. Safe Deposit & Trust Co.,* 87 Md. 450, 40 A. 53, this Court said, in referring to a petition filed by the appellant after argument, asking that the Court suspend the determination of the case until proof could be introduced either in the Court of Appeals or in the court below in support of appellant's petition: "This is a very unusual request and one that we manifestly have no authority to grant. In effect the petition asks leave to make out a new and totally different case . . . We must deal with cases as they are brought before us by the record transmitted from the Court below, and we have no power, whilst reviewing a particular order from which an appeal has been taken, to receive evidence or to remand the record for the Court below to hear testimony on totally different questions that in no way reflect on the only issue brought to this Court for review." *State v. Rutherford,* 145 Md. 363, 125 A. 725; *Corey v. Carback,* 201 Md. 389, 94 A. 2d 629.

During the argument in this Court the appellant stated that he entered into the stipulation in order to get custody of the children. The objection to the stipulation was made by the appellant himself after the decree. In reference to a stipulation made in open court, it was said in *Posko v. Climatic Control Corp.,* 198 Md. 578, 84 A. 2d 906: "It is entitled to the same

credence as sworn testimony. Moreover, one of his clients was seated beside him at the trial table and was called to the stand both before and after his statement. At no time was any denial of the truth of his statement made by the clients. We think the trial court could properly find, as it did, that Mr. Kolodny obtained the approval of his clients before accepting Mr. Baldwin's last offer, and that the settlement only fell through because they could not raise the money. There is a *prima facie* presumption that an attorney has authority to bind his client by his actions relating to the conduct of litigation. *Margos v. Moroudas,* 184 Md. 362, 371, 40 A. 2d 816; *Schnapper v. Yoe,* 194 Md. 573, 71 A. 2d 759. This is particularly true of stipulations or admissions made in the course of a trial. *Bloom v. Graff,* 191 Md. 733, 737, 63 A. 2d 313; 9 *Wigmore, Evidence,* (3d ed.), sec. 2594; 2 *Jones, Evidence,* (2nd ed.) pp. 1759, 1761." Here, of course, the appellant and his solicitors were in court when the stipulation was made. Counsel for the appellant stated to the chancellor that they explained to the appellant each and every provision of the stipulation as read in court, that he received a copy of the stipulation the same day, agreed to it, and did not make any objection to the stipulation until two or three weeks after the hearing. The decree was signed on December 28, 1953, and the appeal filed by the appellant on January 27, 1954. "An even broader power of estoppel is that reiterated in *Carmine v. Bowen,* 104 Md. 198, 64 A. 932; *Eareckson v. Rogers,* 112 Md. 160, 75 A. 513; and *Price v. Adalman,* 183 Md. 320, 37 A. 2d 877, to the effect that 'He who is silent when he ought to have spoken, will not be heard to speak when he ought to be silent.'" *Jaworski v. Jaworski,* 202 Md. 1, 10, 95 A. 2d 95. It is the policy of the law that litigation be finally terminated. *Giles v. DiRobbio,* 186 Md. 258, 46 A. 2d 611. The decree will be affirmed.

*Decree affirmed, with costs.*