**MAYOR AND CITY COUNCIL OF BALTIMORE, a municipal corporation**

v.

**NATIONAL DAIRY PRODUCTS CORPORATION, a body corporate.**

Civ. No. 12259.

United States District Court
D. Maryland.

May 5, 1961.

Harrison L. Winter, City Sol., William A. Hegarty, Chief Asst. City Sol., and James B. Murphy, Asst. City Sol., Baltimore, Md., for plaintiff.

J. Cookman Boyd, Jr., Baltimore, Md., for defendant.

THOMSEN, Chief Judge.

Plaintiff, a municipal corporation of the State of Maryland, instituted this condemnation proceeding in the Superior Court of Baltimore City. Defendant, a Delaware corporation having its principal place of business in New York, timely removed the action to this court, claiming diversity jurisdiction under 28 U.S.C.A. § 1332. The case is presently before the court on plaintiff's motion to remand.

Plaintiff concedes that it is a citizen within the meaning of 28 U.S.C.A. § 1332, and that other jurisdictional requirements have been met. Madisonville Traction Co. v. St. Bernard Mining Co., 196 U.S. 239, 25 S.Ct. 251, 49 L.Ed. 462; Louisiana Power & Light Co. v. City of Thibodaux, 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058, rehearing denied 360 U.S. 940, 79 S.Ct. 1442, 3 L.Ed.2d 1552; Mayor and City Council of Baltimore v. Weinberg, D.Md., 190 F.Supp. 140, and cases cited therein. However, plaintiff asks this court to abstain from assuming jurisdiction, relying upon such cases as Railroad Commission of Texas v. Pullman Co., 312 U.S. 946, 61 S.Ct. 643, 85 L.Ed. 971; Galfas v. City of Atlanta, 5 Cir., 193 F.2d 931; and Alabama Public Service Commission v. Southern Railway Co., 341 U.S. 341, 71 S.Ct. 762, 95 L.Ed. 1002. Those cases discuss the doctrine of abstention, but deal with situations very different from that presented by the case at bar.

This problem was fully discussed by the Justices of the Supreme Court in two recent cases, Louisiana Power & Light Co. v. City of Thibodaux, supra, and Allegheny County v. Frank Mashuda Co., 360 U.S. 185, 79 S.Ct. 1060, 3 L.Ed.2d 1163, by which this court must be guided.

In the latter case, the majority opinion of the Supreme Court stated: "This case presents the question whether a District Court may abstain from exercising its properly invoked diversity jurisdiction in a state eminent domain case in which the exercise of that jurisdiction would not entail the possibility of a premature and perhaps unnecessary decision of a serious federal constitutional question, would not create the hazard of unsettling some delicate balance in the area of federal-state relationships, and would not even require the District Court to guess at the resolution of uncertain and difficult issues of state law. We hold that in such circumstances a District Court cannot refuse to discharge the responsibility, imposed by Congress under 28 U.S.C. §§ 1332 and 1441, 28 U.S.C.A. §§ 1332, 1441 to render prompt justice in cases where its diversity jurisdiction has been properly invoked." 360 U.S. 185, at page 187, 79 S.Ct. 1060, at page 1062.

None of the reasons for abstention suggested by the opinions in those cases has been shown to exist here.

To support its request for remand, plaintiff has filed affidavits of the Chief Assistant City Solicitor and of the Assignment Commissioner of the Supreme Bench of Baltimore City, which state: (1) in scheduling dates for trials and for the hearing of law motions, the Supreme Bench gives priority to condemnation cases; (2) the Supreme Bench makes a trial judge available for the trial of jury cases during the summer recess; (3) trial of a condemnation case in the courts of Baltimore City may be had as quickly as two weeks after the case is at issue; and (4) in some condemnation cases,

those courts are able to shorten the time for pleading.

The procedures which the Supreme Bench has established for the expedition of condemnation proceedings undoubtedly benefit all parties in many cases. But a prompt hearing can ordinarily be had in this court too. If, in any condemnation case which has been removed to this court, the City wishes a prompt hearing which this court is unable to furnish, that fact should be brought to the attention of this court, which will give it due consideration in deciding whether the case should be remanded.

In the instant case, no proper reason for abstention has been shown.

Order

The motion to remand is hereby denied.