COMPTROLLER OF the TREASURY OF the STATE OF MARYLAND, to the Use of James M. BURKE, and James M. Burke, in proper person

v.

Gilbert G. MILLER, his heirs, assigns, or the survivor of them, Sheriff of Baltimore County, State of Maryland, at Towson, Md., and Walter J. Rasmussen, Clerk of the Circuit Court for Baltimore County, State of Maryland, at Towson, Md. and Glen Falls Insurance Co., a corporation of the State of New York.

Civ. No. 12919.

United States District Court
D. Maryland.
June 12, 1961.

James M. Burke, in pro. per.

Thomas B. Finan, Atty. Gen. of Maryland, William J. McCarthy, Asst. Atty. Gen., for Comptroller of the Treasury.

Thomas B. Finan, Atty. Gen. of Maryland, Joseph S. Kaufman and Thomas W. Jamison, III, Asst. Attys. Gen., for Miller and Rasmussen.

Robert E. Coughlan, Jr., Baltimore, Md., for Glen Falls Ins. Co.

THOMSEN, Chief Judge.

This action against the Sheriff of Baltimore County, Maryland, the Clerk of the Circuit Court for Baltimore County, and the Surety on the Clerk's bond, is before the court on motions to dismiss filed by the several defendants. The complaint alleges that title to the property 801 Beechfield Avenue, in Baltimore County, stands in the name of the plaintiff, James M. Burke (Burke) as life tenant, with remainder to him as trustee for his divorced wife and for his children. However, see Burke v. Burke, 204 Md. 637, 106 A.2d 59. The complaint seeks "recovery" of that property, damages of $14,000 against the Clerk, "and as to the heirs and assigns or the survivor of them, and those taking from him and through him: the sheriff of Baltimore County, $300,000.00."

■ Burke joined the Comptroller of the Treasury of the State of Maryland

as a legal plaintiff because clerks' bonds are filed with that official, although the bonds themselves run to the State. Anno.Code of Md., 1957 ed., Art. 17, sec. 47. Through the Attorney General of the State, the Comptroller has filed a paper dismissing without prejudice "the complaint filed in his name", since it was filed without his authorization. I hold that the Comptroller was not properly joined as a legal plaintiff

■ Burke, the remaining plaintiff, is a Maryland citizen. So are the Clerk and the Sheriff. The Surety is the only defendant not a citizen of Maryland. The complaint claims jurisdiction under Art. I, sec. 10, and Art. III, sec. 2 of the Constitution, under the Fourteenth Amendment, and under the Constitution and common law of the State of Maryland. At the hearing on the motions, Burke said that he was really claiming diversity jurisdiction, because his wife is a citizen of North Carolina. It is clear that there is no diversity jurisdiction.

■ Nor does this court have jurisdiction of the alleged claims on any other ground, asserted or not asserted. The prolix and confusing complaint, and the exhibits filed with it, show that Burke has not paid court costs, totaling $105.10, in five cases in the Circuit Court for Baltimore County. The Clerk of that Court, one of the defendants herein, filed a petition in and addressed to that Court, in which he moved for a judgment against Burke for $105.10. Judge Turnbull of that Court entered an order that judgment be entered against Burke in favor of the Clerk, for the use of the State, for the sum of $105.10. On January 31, 1961, Judge Turnbull entered another order, directing the Clerk to issue a writ of fi. fa. on the judgment and ordering the Sheriff in execution of the writ to levy on, seize and sell any property, real or personal, of said Burke at 801 Beechfield Avenue. The fi. fa. was issued and the Sheriff advertised the property for sale, describing it as "valuable fee simple dwelling property" but stating that he

was selling "all the right, title, interest, claim and demand at law and in Equity of the said James M. Burke in and to" that property. Burke thereupon filed a motion to quash the writ and a motion in arrest of judgment in the State Court, warned the Sheriff that the execution was void, and shortly thereafter filed this action in this Court. The sale has been postponed.

Burke argues that under the applicable Maryland statute (Art. 87, sec. 27) the Sheriff and not the Clerk has the power to collect the costs; that the Clerk acted improperly in filing the petition which resulted in the judgment and fi. fa.; that the judgment was improper, and the writ void.

The Attorney General, representing the Sheriff and the Clerk, has filed affidavits tending to show that Art. 87, sec. 27, is a vestige of an earlier era, and that for many years it has been the practice for the Clerks themselves to collect their costs. I am, of course, familiar with that practice, but it is not necessary and would not be proper for this Court to construe the Maryland statutes and rules in this case, of which it has no jurisdiction. Burke has an adequate remedy in the Circuit Court for Baltimore County, with the right of appeal to the Court of Appeals of Maryland.

Even if this Court had concurrent jurisdiction with the State Court, it should abstain from exercising such jurisdiction at this time. Louisiana Power & Light Co. v. City of Thibodaux, 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058; Railroad Comm. of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971. See also Mayor and City Council of Baltimore v. National Dairy Products Corp., D.Md., 193 F.Supp. 556. The property has not been sold and neither he nor the parties for whom he claims to be trustee have suffered any loss.

The complaint must be dismissed as to all defendants.

It is so ordered.