## HARTLEY *v.* STATE

[No. 207, September Term, 1964.]

*Decided March 16, 1965.*

The cause was argued before PRESCOTT, C. J., and HAM-
MOND, MARBURY and SYBERT, JJ., and POWERS, J., Associate
Judge of the Seventh Judicial Circuit, specially assigned.

*George L. Russell, Jr.,* with whom was *Richard K. Jacobsen*
on the brief, for appellant.

*Stuart H. Rome, Assistant Attorney General,* with whom were
*Thomas B. Finan, Attorney General, Charles E. Moylan, Jr.*
and *Stanley S. Cohen, State's Attorney* and *Assistant State's
Attorney,* respectively, *for Baltimore City* on the brief, for ap-
pellee.

SYBERT, J., delivered the opinion of the Court.

On April 28, 1961, the appellant, John M. Hartley, pleaded
guilty before Judge Carter in the Criminal Court of Baltimore
under each of the first counts of indictments Nos. 991 through
995 charging armed robbery of several loan offices. He was sen-
tenced to a term of 20 years' imprisonment in the penitentiary
for each conviction, the first two terms to run consecutively and
the other three to run concurrently with the second one. This
is a delayed appeal from those judgments.

On January 31, 1964, Hartley filed a petition seeking relief
under the Uniform Post Conviction Procedure Act. He con-
tended, among other things, that he had been denied the right
to appeal his 1961 convictions and that his pleas of guilty to
the charges in the several indictments had been involuntarily
made. Judge Harlan, after a hearing on May 5, 1964, found that
Hartley had attempted to mail his notice of appeal on May
26, 1961, but because of circumstances beyond his control was
unable to mail it until May 31, 1961, and that therefore he was
entitled to a delayed appeal since he had done all that he could
have to note the appeal. Because he had granted the delayed ap-
peal, Judge Harlan did not make any factual findings or conclu-
sions of law in regard to the other post conviction contentions

of Hartley, notwithstanding the fact that testimony pertaining to them had been taken before him. Instead, Judge Harlan, in his memorandum opinion, stated "* * * [I] will grant Petitioner leave to file a delayed appeal so that the Court of Appeals may determine whether the guilty plea was voluntary."

On this appeal from the judgments in the criminal cases the appellant raises only one question, the same one which Judge Harlan suggested we answer, *i.e.,* whether the guilty pleas were voluntarily made. Unfortunately, both Judge Harlan and the appellant have misconceived the powers of this Court, for our powers are limited to appellate review and we cannot invade the province of the *nisi prius* courts by making an original factual finding. *State ex rel. Harris v. Warden,* 195 Md. 702, 72 A. 2d 713 (1950); *Burke v. Burke,* 204 Md. 637, 106 A. 2d 59 (1954); and see the many cases collected in 7 M.L.E., *Courts,* sec. 72; see also Maryland Rule 885. Therefore, although the transcript of testimony taken in the post conviction proceeding was included in the record forwarded to us in this case, we are unable to make any determination in regard to the voluntariness of the guilty pleas.

This brings us to consideration of a motion filed by the State, the appellee in this case, entitled a "Motion to correct record and to strike portions of the appendix to appellant's brief." The motion requests us to delete from the record in this appeal all that relates to the collateral post conviction proceeding (including the transcript of testimony taken therein) and to strike from the appendix to appellant's brief the printed copy of the transcript of the post conviction hearing. Without discussing the reasons advanced by the State to support its motion, we agree that ordinarily it would not have been proper to include the transcript of testimony taken in a collateral proceeding in the record on this appeal. However, we feel we must deny the appellee's motion because under the unusual circumstances of this case we believe that if we disregarded the testimony in the post conviction proceeding substantial injustice to the appellant would result. See Code (1957), Art. 5, sec. 16; cf. Rules 871 a and 885.

Therefore, we have studied the transcript carefully. Five witnesses testified before Judge Harlan, including the appellant.

The appellant testified that he was induced to plead guilty to the charges because he was told by his privately retained attorney that if he did, his wife, who had been indicted jointly with him, would not be prosecuted. Hartley further testified that his counsel had made a "deal" with an assistant State's Attorney whereby the cases against his wife would be stetted if he pleaded guilty. The appellant's attorney, who represented him in the criminal cases but not on this appeal (and who himself was serving a term in prison at the time of the post conviction hearing) testified that he had made the deal described by the appellant with an assistant State's Attorney. The assistant State's Attorney testified that when the appellant's trial counsel asked him whether the State would stet the armed robbery cases against Hartley's wife if Hartley pleaded guilty, he answered yes, although he also testified that those cases were to be stetted as to the wife anyway (as they were) because of the lack of evidence. However, appellant's attorney was not apprised of this intention.

In view of this testimony, since we do not make original factual findings we have decided to remand the case to the Criminal Court of Baltimore, without affirming or reversing that court's judgments (Rule 871 a), for an evidentiary hearing and a factual finding by the lower court as to whether or not the pleas of guilty made by Hartley on April 28, 1961, were voluntarily made. In the meantime we shall suspend the determination of the validity of the convictions pending the outcome of the hearing. On remand, the hearing judge shall make provision for a record of the proceedings (including a transcript of the testimony) and cause it to be forwarded to this Court, together with his findings of fact and conclusions of law.

> *Case remanded, without affirmance or reversal, for further proceedings consistent with this opinion; costs to be paid by the Mayor and City Council of Baltimore.*