Richard H. SELF et al., Appellants,

v.

Gilbert E. KINDER et ux., Appellees.

No. 15015.

Court of Civil Appeals of Texas, San Antonio.

Oct. 20, 1971.

Rehearing Denied Dec. 29, 1971.

Levey & Goldstein, San Antonio, for appellants.

Davis, O'Connor & Pullen, San Antonio, for appellees.

CADENA, Justice.

Appellants, Richard H. Self, Richard Alterman and Leo Lubel, defendants below, seek reversal of a summary judgment awarding appellees, Gilbert E. Kinder and wife, Ruth V. Kinder, recovery on a note executed by appellants, in the amount of $39,352.14, together with interest and attorney's fees, and foreclosure of a deed of trust lien securing payment of such note.

The note represents the unpaid portion of the purchase price of certain land conveyed to appellants by appellees on June 15, 1969. The note is payable in four annual installments, and it is undisputed that the first installment of $10,000.00, which was payable on June 15, 1970, was not paid when due. The note contains the usual provision for acceleration and recites that the makers waive all notices, demand for payment, presentation for payment, notice of intention to accelerate, protest and notice of protest:

The affidavits filed by appellants assert that they were ignorant of the date when the first installment was payable, and that on July 15, 1970, their tender of the first payment, which was then one month overdue, was refused. Each appellant swears that he was at all times ready, willing and able to make the payment, but that no demand for such payment was communicated to them until after the day when the payment was due.

The record discloses that appellees placed the note with the Frost National Bank of San Antonio for collection, and that some time in May the bank sent notice to appellants of the payment which would

be due on June 15, 1970. However, because of improper addressing, this notice was not received until after the first payment was due. When appellant, Alterman, received the notice, he spoke to Gilbert Kinder and informed him that the other two makers were out of the city, and that payment of the first installment, already in default, would be made when they returned "about July 15." According to Alterman's affidavit, Kinder did not object, and Alterman concluded that payment of the first installment had been postponed for thirty days. Nevertheless, Alterman tendered to the bank one-third of the payment due, but this tender was refused by the bank. Alterman asserts in his affidavit that if Kinder had insisted on immediate payment he would have made the entire payment.

Appellants contend that their affidavits, particularly those of Alterman, are at least sufficient to raise a fact issue supporting their pleadings to the effect that appellees "waived" their right to accelerate the note because of appellants' failure to make timely payment of the first installment, and that appellees are estopped to declare the note accelerated because of such default.

No useful purpose would be served by attempting to formulate a definition of "waiver." That term is used with reference to so many varying sets of circumstances that it cannot be defined without reference to the particular set of circumstances to which it is being related. 3A Corbin, Contracts, Waiver & Estoppel, Sec. 752, pp. 478–84 (1960). In this case, when appellants failed to make the payment due on June 15, 1970, appellees had the right to choose one of two alternative courses of action. They could exercise their right to declare the full amount of the note then due and payable, or they could forego the exercise of that right and accept a late tender of the first installment. The question before us is simply whether or not the record reflects the presence of an issue of fact as to whether or not the Kinders elected to accept payment one month late, thereby effectively surrendering their right to demand immediate payment of the full amount of the note.

■ It is true, or course, that an expression of intention need not be in words, and that, under certain circumstances, a person's silence may indicate his intention to act in a certain manner. The maxim, " ' "He who is silent when he ought to have spoken, will not be heard to speak when he ought to be silent." ' " Burke v. Burke, 204 Md. 637, 106 A.2d 59, 64 (1954), has been applied to many diverse situations. But the cases where silence or inaction by a person has been interpreted as an expression of intention, we generally find other circumstances, in addition to such silence or inaction, which are evidence of such intention. 3A Corbin, Contracts, Waiver & Estoppel, Sec. 754, p. 496 (1960). The record before us contains no hint of the existence of such additional circumstances. We do not have before us a case of silence accompanied by inaction for an unreasonable period of time. Within three weeks after Alterman expressed his intention to further delay payment of the past due installment, the Kinders exercised their right to accelerate.

■ It must be borne in mind that the principle that silence manifest assent is applicable, insofar as the problem now before us is concerned, only when a person stands mute when it is his duty to speak. We find nothing in the record which permits the conclusion that under the circumstances here present, Gilbert Kinder was under a duty to speak, unless we are prepared to hold that a defaulting debtor, merely by announcing his intention to prolong his failure to perform, imposes on his creditor an obligation to object or be bound. We decline to adopt such a rule.

What has been said with respect to waiver or election disposes of appellants' contentions concerning estoppel. "It must be recognized that the principle of estoppel by silence arises where a person, who by force of circumstances is under a duty to another to speak, refrains from doing so

and thereby leads the other to believe in the existence of a state of facts in reliance upon which he acts to his prejudice." A. R. Clark Investment Co. v. Green, 375 S. W.2d 425, 435 (Tex.1964). Again, we find nothing in the record to support the conclusion that Alterman had the power to make Kinder's silence operative as a manifestation of an intent to abandon Kinder's right to exercise the power of acceleration.

■ Appellants next contend that, since the note was payable in San Antonio and referred to no specific place in such city where payment was to be made, it was payable at the residence or place of business of the maker. From this premise, defendants conclude that, since there is no evidence that the Kinders, or either of them, ever called at the residence or place of business of any one of the appellants, there has been no failure to pay at the specified place. In this connection, appellants call our attention to Sec. 3.504(b)(3), Tex.Uniform Commercial Code Ann., which provides that where the instrument specifies no place for acceptance or payment, presentment "may" be made at the place of residence or business of the person obligated to pay. We have already pointed out that in this case appellants expressly waived the requirements of demand and presentment. In any event, demand for payment was made by mail, as authorized by Sec. 3.504(b)(1). The notice of payment due was effective when it was received, and the fact that it was received after the first installment was payable is not relevant. The record clearly establishes that no attempt at payment was made after receipt of such notice, and that on June 18, 1970, Kinder asked Alterman "about the June 15, 1970, installment on the note which was then past due," only to be told that payment would be made one month later. The failure to make timely payment is conclusively established.

■ The deed of trust provided that appellants, upon making payment of any installment on the note, would be entitled to partial release of the lien on the basis of $0.50 per square foot. Appellants urge that since no such release has been tendered to them, they were under no duty to make the June 15, 1970, installment. We do not interpret such provision as requiring the tender of a partial release by the Kinders as a condition precedent to appellants' tender of payment. Under the provisions of the note, appellants had the right to pay more than the $10,000.00 installment which was due on June 15, 1970. Until the amount being paid was known, appellees would have no way of determining the amount of land to be released from the lien. Further, the land to be released on each payment was to be designated by appellants. At the very least, until such designation was made, the Kinders were in no position to prepare the release.

The judgment of the trial court is affirmed.

BARROW, C. J., and KLINGEMAN, J., concur.