REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 2454

September Term, 2015

---

JOHN PAUL GRIMES, ET AL

v.

KAREN GOULDMANN, ET AL

---

Graeff,
Nazarian,
Zarnoch, Robert A.,
    (Senior Judge, Specially Assigned),

JJ.

---

Opinion by Zarnoch, J.

---

Filed:  March 29, 2017

This case involves the validity of two competing deeds for the same property. In 1990, Dianne Hudson executed a deed for her property, where she reserved a life estate for herself and granted the remaining interest to three of her relatives, appellees Karen Gouldmann, Bryan Mierzwinski, and Vernon Ciekot. The deed also gave Ms. Hudson the power to "sell, mortgage, lease or otherwise encumber" both her interest and the interest of the remaindermen in the property. Nineteen years later, Ms. Hudson executed a new deed for the same property, where she again gave herself a life estate, but gifted the remaining interest to appellants John Paul Grimes and Tamra Hellenbrand. After Ms. Hudson's death, appellees filed suit in the Circuit Court for Baltimore County alleging that the second deed was invalid, because the first deed did not give Ms. Hudson the power to gift the property. After a trial, the court agreed with appellees and found the second deed to be invalid.

Appellants appealed, and now present one question for our review:

> Did the 1990 Deed grant Ms. Hudson the power to dispose of the interest of the remaindermen by way of a gift?[1]

For the following reasons, we answer no and affirm the judgment of the circuit court.

---

[1] The question, as presented in appellants' brief, is as follows:

> Did the court err in its interpretation of the 1990 life estate Deed, when, whether the language is determined to be ambiguous or unambiguous, the Grantor had the Deed redrafted in 2009, saw another attorney in 2010 about life estate issues, and took no action to repudiate the 2009 Deed until close to her death in 2015?

# BACKGROUND

Dianne Hudson was the owner of the property located at 1821 Ellinwood Road in Baltimore County ("the Property").[2] Ms. Hudson had no children. Appellees Karen Gouldmann and Bryan Mierzwinski were Ms. Hudson's niece and nephew. Appellee Vernon Ciekot was Ms. Hudson's cousin. On August 28, 1990, Ms. Hudson executed a deed ("the 1990 Deed") which gave herself a life estate in the Property, with the remainder fee simple interest granted to appellees as joint tenants.[3] The 1990 Deed, however, among other things, reserved to Ms. Hudson the right to sell both her life estate and the entire interest of the remaindermen in the Property at any point prior to her death. Included in the 1990 Deed was the following language:

> TO HAVE AND TO HOLD the above granted land and improvements unto and to the use of the said Dianne A. Hudson for the term of her natural life so that she, the said Dianne A. Hudson, during the term of her life may and shall be authorized and empowered to take, receive and collect the rents, income, issues and profits thereof and appropriate and apply the same to her own use and benefit, **with full power to the said Dianne A. Hudson at any time during her life to sell, mortgage, lease or otherwise encumber not only the life estate hereby conveyed to her, but**

---

[2] The two deeds were the only evidence presented to the circuit court at trial. Accordingly, the factual background for this case is based on the allegations in the Amended Complaint filed by appellees.

[3] A deed with a life estate is often used in estate planning as a way to avoid probate. It allows the remaindermen to become the full owners of the property immediately upon the death of the life tenant, thereby saving the time and expense of the probate process. Todd C. Ratner, Deed with Life Estate: Understanding the Pros and Cons of this Handy Estate-planning Tool, Healthcare News (Sept. 2011), http://healthcarenews.com/deed-with-life-estate-understanding-the-pros-and-cons-of-this-handy-estate-planning-tool.

**the interest of the remaindermen** in this Deed appointed, to the end and intent that Dianne A. Hudson during her lifetime may, by her own act and deed, fully and effectually bar and extinguish her own interest and the interest of said remaindermen in such manner as she may deem proper without any obligation on the part of any purchaser, lessee or mortgagee to see the application of the money derived from the said property (but the powers of disposition hereby granted to that life tenant hereinbefore referred to are not intended to vest in her the right and power to will or devise the property hereinbefore described, or to dispose of the same by any testamentary instrument), and upon the death of said life tenant, unto the said Karen Gouldmann, Bryan Mierzwinski and Vernon Ciekot as joint tenants and not tenants in common, their assigns, the survivors of them; the survivor of them and the survivor's Personal Representative and assigns, forever, in fee simple.

(Emphasis added).

Many years later, in either late 2007 or early 2008, Ms. Hudson hired appellant John Paul Grimes to do repair work on her house. Soon afterwards, appellant Grimes moved into Ms. Hudson's basement with his girlfriend, appellant Tamra Hellenbrand. On September 17, 2009, Ms. Hudson executed a second deed for the same Property (the "2009 Deed"). With the 2009 Deed, Ms. Hudson again reserved a life estate in the Property for herself, but gifted the remaining interest to appellants. Included in the 2009 Deed was the following language:

The Grantor, **for no consideration**, grants and conveys to the Grantee, for and during the term of her natural life, with no power to sell, lease, mortgage, convey or in any manner dispose the hereinafter described property, and immediately upon her death, the remainder thereof shall vest in John Paul Grimes and Tamra Hellenbrand, equally, as tenants in common, the personal representatives and assigns of each, in fee simple, the property located in Baltimore County, Maryland, . . .

\*        \*        \*

3

> To have and to hold the property hereby conveyed unto the Grantee, for and during the term of her natural life, with no power to sell, lease, mortgage, convey or in any manner dispose of the afore-described property, and immediately upon her death, the remainder thereof unto John Paul Grimes and Tamra Hellenbrand, equally as tenants in common, the personal representatives, heirs and assigns of each, in fee simple, forever.

(Emphasis added).

On September 16, 2010, Ms. Hudson prepared a Last Will and Testament and a Durable General Power of Attorney, conferring on appellee Gouldmann a power of attorney. On January 28, 2015, under her power of attorney, appellee Gouldmann filed a lawsuit against appellants seeking to invalidate the 2009 Deed. However, on January 30, 2015, Ms. Hudson passed away and that lawsuit was dismissed.

An estate was opened for Ms. Hudson, and on February 20, 2015, appellees filed a lawsuit against appellants in the Circuit Court for Baltimore County.[4] The lawsuit sought a declaratory judgment that the 2009 Deed was invalid and the 1990 Deed was valid. Appellees' complaint argued that the 2009 Deed was invalid for two reasons: (1) that appellants exerted undue influence on Ms. Hudson, and (2) that the language of the 1990 Deed prohibited transfer of the property by gift, thus making the 2009 Deed void *ab initio*. Prior to trial, appellees dropped their undue influence count.

On December 9, 2015, a trial was conducted. No testimony was taken. The two deeds were the only evidence submitted to the court. At the conclusion of the trial, the

---

[4] Appellee Gouldmann filed suit both individually and as Personal Representative of the Estate of Dianne Hudson.

court granted appellees' request for a declaratory judgment and found that the 1990 Deed did not give Ms. Hudson the power to dispose of the Property by gift; therefore, the 2009 Deed was invalid and appellants were not entitled to the Property. The court signed an order the next day declaring the same findings and conclusions.

Appellants filed a timely notice of appeal.

## STANDARD OF REVIEW

The only issue considered by the trial court was whether the 2009 Deed was invalid under the terms of the 1990 Deed. That question turns upon the proper interpretation of the 1990 Deed. "In construing the language of a deed, the basic principles of contract interpretation apply." *Maryland Agric. Land Pres. Found. v. Claggett*, 412 Md. 45, 62 (2009) (quoting *Miller v. Kirkpatrick,* 377 Md. 335, 351 (2003)). "The interpretation of a written contract is ordinarily a question of law for the court and, therefore, is subject to *de novo* review by an appellate court." *Wells v. Chevy Chase Bank, F.S.B.*, 363 Md. 232, 250 (2001). "Generally, when seeking to interpret the meaning of a contract our search is limited to the four corners of the agreement." *Walton v. Mariner Health of Maryland, Inc.*, 391 Md. 643, 660 (2006).

## DISCUSSION

Under the trial court's interpretation of the 1990 Deed, Ms. Hudson did not have the power to dispose of the remaindermen's interest by way of a gift. Appellants assert that the trial court construed the 1990 Deed too narrowly. Appellants point to language in the 1990 Deed stating that Ms. Hudson could extinguish the remaining interest in the Property "in such manner as she may deem proper." Appellants argue that "a reasonable

5

person would regard the language of the power to dispose 'in such manner as she may deem proper' coupled with the only limitation of disposition being, devising by will, as permitting disposition by gift."[5]

Appellees counter that the narrow language of the 1990 Deed unambiguously only permitted Ms. Hudson to sell, mortgage, lease, or otherwise encumber the interest of the remaindermen. Because that language did not include transferring the interest by gift, appellees assert that the 2009 Deed was void *ab initio*.

Appellees are correct that the language of the 1990 Deed was uncommonly narrow. Although Maryland Courts have dealt with similar deeds before, the language of the deeds in those cases usually granted the life tenant broader powers of disposition. *See Willoughby v. Trevisonno*, 202 Md. 442, 445 (1953) (granting life tenant the power to "sell, lease, mortgage, convey or otherwise dispose" of the remainderman's interest); *Robb v. Berryman*, 215 Md. 161, 164 (1957) (granting life tenant the power to "sell, grant, convey, mortgage, assign, lease, release, or dispose" of the remainderman's interest); *Knell v. Price*, 318 Md. 501, 503 (1990) (granting life tenant the power "to sell, mortgage, lease, convey and dispose (except by Last Will and Testament) of the whole and entire estate"); *see also* 51 Am. Jur. 2d *Life Tenants and Remaindermen* § 69 (2011)

---

[5] At oral argument, appellants also made the argument that because the 1990 Deed was a one-party contract, it should be treated like a Will. Appellants contend that with a Will, we must look to the intent of the testator, Ms. Hudson. Appellants assert that Ms. Hudson's gifting of the Property in the 2009 Deed clearly showed that she believed she had the power to do so. However, the party's intent is irrelevant in this case because there was no extrinsic evidence introduced at trial. The two deeds were the only evidence produced.

(stating that "the grant of a power to use, sell, mortgage, lease or otherwise dispose of the property as she saw fit, empowers the life tenant to give all the real estate left to her in life tenancy to one of the testator's children"); *see generally* Annotation, *Right of life tenant with power to anticipate or consume principal to dispose of it by inter vivos gift*, 83 A.L.R. 3d. 135 (1978).

On the contrary, the 1990 Deed did not include the prototypical language used by other deeds that allowed a life tenant to "otherwise dispose" of the interest in the Property. Instead, it provided Ms. Hudson only with the power to "sell, mortgage, lease or otherwise encumber" the interests of both her and the remaindermen. By using the phrase "or otherwise encumber," the 1990 Deed clearly aimed to limit Ms. Hudson's powers.

Moreover, when appellants drafted the 2009 Deed, they seemed to have recognized this difference and used broader language in the 2009 Deed. Only that time it was used to prevent Ms. Hudson from disposing of the Property in any way. The 2009 Deed provides that Ms. Hudson had "no power to sell, lease, mortgage, convey or *in any manner dispose*" of the interest in the Property. (Emphasis added).

Despite the limiting terminology used in the 1990 Deed, appellants assert that the language in the deed worked to expand Ms. Hudson's powers of disposition. The relevant language of the 1990 Deed reads as follows:

> with full power to the said Dianne A. Hudson at any time during her life to **sell, mortgage, lease or otherwise encumber** not only the life estate hereby conveyed to her, but the interest of the remaindermen in this Deed appointed, **to the end and intent that Dianne A. Hudson during her lifetime may, by her own act and**

7

> **deed, fully and effectually bar and extinguish her own interest and the interest of said remaindermen in such manner as she may deem proper without any obligation on the part of any purchaser, lessee or mortgagee to see to the application of the money derived from the said property** (but the powers of disposition hereby granted to that life tenant hereinbefore referred to are not intended to vest in her the right and power to will or devise the property hereinbefore described, or to dispose of the same by any testamentary instrument) . . . .

(Emphasis added). Appellants contend that the above language put only one restriction on Ms. Hudson's ability to dispose of her and the remaindermen's interest, which was disposition by will or testamentary instrument. They point to the language stating that Ms. Hudson could extinguish their interests "in such manner as she may deem proper," and argue that this gives her the ability to gift the property. We disagree. The language of the deed quoted above is all part of one sentence whose words must be read together. We agree with appellees that the clause providing that Ms. Hudson could "extinguish her own interest and the interest of said remaindermen in such manner as she may deem proper" was meant to give Ms. Hudson as much power as possible to exercise her ability to "sell, mortgage, lease, or otherwise encumber" the Property, and not to expand those powers and remove the previous limitations entirely. The clause even references the earlier enumerated powers by stating that there is no "obligation on the part of *any purchaser, lessee, or mortgagee* to see to the application of the money derived from the said property." (Emphasis added).

The trial court acknowledged that these two clauses needed to be read in conjunction. With respect to the phrase "in such manner as she may deem proper," the court told appellants:

> Well, if we take that language out of the sentence and look at it, out of its context, I would agree with you. But when you interpret that language in the context of what precedes it, I, you're still only talking about a sale, mortgage or lease, or other encumbrance.

Accordingly, under the terms of the 1990 Deed, Ms. Hudson only had the power to "sell, mortgage, lease or otherwise encumber" the interests in the Property.

The 2009 Deed explicitly states that Ms. Hudson transferred the remaining interest in the Property to appellants for no consideration. Thus, it was a gift. Clearly a gift does not fall under the category of a sale, mortgage, or lease. Therefore, the only remaining issue is whether a gift is encompassed within the phrase "or otherwise encumber."

Maryland Courts have avoided giving an exact definition of an encumbrance. *Magraw v. Dillow*, 341 Md. 492, 501 (1996). However, the Court of Appeals has provided that:

> An encumbrance is any right or interest held by someone other than the grantee or grantor which diminishes the value of the estate but not so much that it leaves the grantee with no title at all. The word [encumbrance] has no precise meaning but includes security instruments, leases, mechanics' liens, property tax assessment liens, easements, future interests and covenants running with the land at the time of conveyance, other than those specifically set forth in the deed.

*Id.* (quoting *Thompson on Real Property, Thomas Edition* § 94.07(b)(1)(ii)(3) (David A. Thomas ed. 1994 & Supp. 1995)) (Footnote omitted). Although there is no strict definition of an encumbrance, we reject any notion that a gift would belong amongst the above-described examples. A gift is simply a pure transfer of the property for no consideration. Under the terms of the 2009 Deed, there is no lien, easement, or anything

of that nature encumbering the Property. Nothing about the 2009 Deed "diminishes the value of the estate." *Id.*

Our conclusion is further bolstered by the Court of Appeals' decision in *Burke v. Burke*, 204 Md. 637 (1954). *Burke* involved a divorced couple where the appellee (wife) obtained an injunction prohibiting the appellant (husband) from disposing of certain property. *Id.* at 640. Prior to their divorce, a life estate in the property was conveyed by deed to the appellant. *Id.* at 641. With regard to the appellant's ability to dispose of the property, the deed said the following:

> . . . with full power in the said [appellant] at any time during his natural life to sell mortgage lease or otherwise encumber but not to include the power to dispose of by will not only his life estate in the aforesaid property hereby conveyed but the interest of the remaindermen as set forth in this deed to the end that *the said [appellant] may by his own act and deed fully and effectually bar extinguish and encumber his own interest and the interest of said remaindermen in such manner as he may deem proper* without any obligation on the part of any purchaser lessee or mortgagee to see to the application of the purchase money derived from said property and with the full right to consume the proceeds of sale. And from and immediately upon the death of the said [appellant] then in the event said property shall be undisposed of unto the said [appellee] Robert Joel Burke and James Madison Burke as joint tenants and not as tenants in common their assigns the survivor of them and the heirs and assigns of the survivor in fee simple.

*Id.* at 642 (italics in original).

The language of the deed in *Burke* was essentially the same as the language of the 1990 Deed in the instant case. The appellant could "sell mortgage lease or otherwise encumber" both his life estate and the interest of the remaindermen in the property, but he could not dispose of it by will. *Id.* The deed in *Burke* also contained the same language

10

regarding the appellant's ability to extinguish his and the remaindermen's interest "in such manner as he may deem proper." *Id.*

As part of the divorce proceedings, the parties in *Burke* agreed to a stipulation where, among other things, the appellant agreed to convey the property to himself and the appellee as tenants by the entireties. *Id.* at 642-43. This agreement included benefits to the appellant including an agreement regarding custody of the children and waiver of alimony. *Id.* at 643. Later, the appellant attempted to renounce that part of the stipulation related to the property conveyance. *Id.* at 645. The issue before the Court was whether the transfer of the property constituted a sale, and was therefore within the limited powers of the appellant to dispose of the property. The Court held that it was a sale, because the power to sell and appropriate the proceeds included the power to transfer the property to satisfy a debt. *Id.* at 644-45.

Although it was never explicitly stated in the case, the mere fact that the *Burke* Court had to determine whether the transfer constituted a sale meant that the "sell mortgage lease or otherwise encumber" language clearly limits the powers of the life tenant to those powers specifically enumerated and that the life tenant only had the power to infringe upon the remaindermen's interest in those specific ways. If the language of the original deed allowed for appellant to dispose of the property "in such manner as he may deem proper," then there would have been no need for an analysis of whether it was a sale.

The language used in the original *Burke* deed was practically identical to the language used in the instant case. Applying that same logic to the instant case, Ms.

11

Hudson only had the power to dispose of the property by way of sale, mortgage, lease, or other encumbrance. The 1990 Deed did not give Ms. Hudson the power to dispose of the Property by gift. Accordingly, the 2009 Deed gifting the Property to appellants is invalid and the judgment so declaring is affirmed.

**JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE COUNTY AFFIRMED. COSTS TO BE PAID BY APPELLANTS.**

12