We overrule all of Brummett's points of error and BFI's first three points of error.

BFI's fourth and fifth points of error involve the jury's findings that the plaintiffs, Cynthia Ortiz and other relatives of the deceased, could not recover damages for Richard Ortiz's death, despite the jury's finding that BFI's and Creager's negligence caused his death. BFI argues that these findings are contrary to all the evidence, since it is undisputed that the plaintiffs were injured as a result of Richard Ortiz's death. Appellees respond by pointing out that the jury knew the plaintiffs had settled with BFI and must have concluded that their settlements had already adequately compensated them. BFI, as assignee of the plaintiff's rights, has no more rights than the plaintiffs.

BFI, by purchasing the plaintiff's cause of action, is in the odd position of complaining that the jury did not assess damages against itself (BFI) and Creager. Even had the jury assessed damages, however, BFI could not recover from Creager. By settling with the plaintiff, Creager's liability to the plaintiff was completely released, under Article 2212a § 2(e) (now Section 33.-015 of the Civil Practice and Remedies Code). BFI, as assignee of the plaintiff's rights, could not recover from Creager. Nor could BFI, as defendant, receive contribution from Creager under those same statutory provisions. Moreover, BFI could not recover common law indemnity from Creager, since common law indemnity between joint tort-feasors has been abolished. *See Cypress Creek Utility Service Co. v. Muller,* 640 S.W.2d 860, 864 (Tex.1982) (and citations therein).

Under either of its positions—BFI as plaintiff or BFI as defendant—BFI could not recover from Creager no matter how much the jury awarded in damages. Error, if any, was harmless.

We overrule all points of error and AFFIRM.

Elwood **CLUCK**, Appellant,

v.

The **FROST NATIONAL BANK OF SAN ANTONIO**, Appellee.

No. 04–84–00427–CV.

Court of Appeals of Texas, San Antonio.

June 30, 1986.

Rehearing Denied Aug. 7, 1986.

James L. Drought, Calhoun Bobbitt, San Antonio, for appellant.

D. Hull Youngblood, Jr., San Antonio, for appellee.

Before CADENA, C.J., and TIJERINA and DIAL, JJ.

## OPINION

TIJERINA, Justice.

This is an appeal from an instructed verdict in a suit for the collection of a promissory note. Appellant counterclaimed, alleging tortious conduct and breach of contract by the bank. The judgment rendered denied appellant any relief under the counterclaim.

The judgment on the note is not disputed. The issue before us concerns the denial of appellant's counterclaim on a separate transaction. The undisputed facts are that appellant executed a real estate lien note in the sum of $700,000 to the bank dated February 14, 1978. The note was secured by a deed of trust on property located at 2800 Broadway, San Antonio, Texas, and nearby property on Newell Street which housed the Chrysler automobile dealership and parts warehouse. The note was further secured by a collateral assignment of a lease to Chrysler Realty Corporation of the Broadway Street property. The bank was entitled to collect rents in excess of $4,000.00 per month under this assignment. The property acquired with the loan proceeds was owned by a partnership consisting of appellant and William Heil, Jr. Heil owned ⅔ of the partnership while appellant held a ⅓ interest. The partnership agreement contained a buy-sell provision and right of first refusal.

Appellant concedes that by the latter part of 1982 he was unable to make the payments when due and the note was in default with an unpaid balance of $580,000. The bank foreclosed its lien under the deed of trust on the Newell Street properties and at the foreclosure sale held on May 3, 1983, sold the property to Frank Torrado for $375,000. The deficiency and remaining balance due on the note was between $200,000 and $210,000. On May 12, 1983, appellant offered to pay the deficiency on the condition that the bank transfer the note and lien to him. The bank refused because of its policy of not selling notes to individuals.

The offer to pay the remaining balance was renewed on May 23, 1983, but the bank again refused to allow appellant to buy the note. Subsequently, the bank posted the Broadway Street property for foreclosure sale on July 5, 1983. Appellant then unconditionally tendered full payment for all principal, interest, and attorney's fees owing on the deficiency. However, the bank had previously accepted full payment of appellant's debt from Torrado and thus appellant's tender was refused.

Appellant initially contends that the trial court erred in denying relief on the counterclaim by an instructed verdict because there was evidence to support a cause of action on the bank's breach of duty of good faith and fair dealing. He argues that such a duty was established under common law and under section 205 of the Restatement (second) on Contracts (1979), which states:

> Every contract imposes upon each party a duty of good faith and fair dealing in its performance and enforcement.

However, the Texas Supreme Court has refused to recognize the theory of implied covenants calling for "good faith and fair dealing." In *English v. Fischer*, 660 S.W.2d 521, 522 (Tex.1983), cited by both parties, the Court stated:

> This concept is contrary to our well reasoned and long established adversary system which has served us ably in Texas for almost 150 years. Our system permits parties who have a dispute over

a contract to present their case to an impartial tribunal for a determination of the agreement as made by the parties and embodied in the contract itself. To adopt the laudatory sounding theory of 'good faith and fair dealing' would place a party under the onerous threat of treble damages should he seek to compel his adversary to perform according to the contract terms as agreed upon by the parties. The novel concept advocated by the courts below would abolish our system of government according to settled rules of law and let each case be decided upon what might seem 'fair and in good faith' by each fact finder. This we are unwilling to do.

In this case, it is undisputed that the note at issue under the counterclaim was in default. The bank accelerated the payment date of the note and thereafter instituted foreclosure proceedings, under the terms of the deed of trust, of the property pledged to secure the note.

More recently, the Supreme Court restated its pronouncement on this question in *Exxon Corp. v. Atlantic Richfield Co.,* 678 S.W.2d 944, 947 (Tex.1984):

> There can be no implied covenant as to a matter specifically covered by the written terms of the contract. *Freeport Sulphur Co. v. American Sulphur Royalty Co.,* 117 Tex. 439, 6 S.W.2d 1039, 1042 (1928).
>
> The agreement made by the parties and embodied in the contract itself cannot be varied by an implied good-faith-and-fair dealing covenant.

The note became due upon acceleration and appellant lost the right to pay all delinquent payments and reinstate the original maturity date. *Grubbs v. Houston First American Savings Association,* 718 F.2d 694, 697, n. 2 (5th Cir.1983); *see also, Self v. Kinder,* 474 S.W.2d 632 (Tex.Civ.App.—San Antonio 1971, writ ref'd n.r.e.). Upon default appellee had the right by virtue of its contract with appellant to accelerate the note. Notice of acceleration is not an issue in this case. The only issue is whether the bank had a right to refuse the maker's tender of full payment after default and sell the delinquent note to a third party. We hold that in this case the bank had such a right and that this right was a product of the agreement between appellant and appellee.

The first point of error is overruled.

In his second point of error, appellant complains that the trial court erred in instructing a verdict against his counterclaim because the bank failed to furnish him a release of lien. The record reflects that the debt was owed by both appellant and Heil. Heil entered an agreement with Torrado whereby Torrado would pay the debt. Torrado in fact paid the debt and a release was forwarded to his attorney. Thus, the bank issued a release to Heil, one of the co-makers of the note, through Torrado's attorney. Appellant's second point of error is overruled.

Finally, appellant urges that the trial court erred in instructing a verdict against his counterclaim because there was evidence to support a cause of action for tortious fraudulent and unconscionable conduct by the bank against him.

Appellant failed to plead tortious or fraudulent conduct. Parties are restricted on appeal to the theory on which the case was sued. *Davis v. Campbell,* 572 S.W.2d 660, 662 (Tex.1978). Thus appellant is precluded from now urging tortious and fraudulent misconduct on appeal. There is no precedent for a cause of action for unconscionable conduct under the facts of this case. Moreover, the acts of appellee which appellant claims are unconscionable are authorized either by law or by the terms of the deed of trust to which both parties agreed, and appellant has never asserted that the terms of the deed of trust are unconscionable. Appellant's final point of error is overruled.

The judgment of the trial court is affirmed.