**Rosa NATIVIDAD, Appellant,**

v.

**ALEXSIS, INC. and, William R. Steen, Appellees.**

No. 08–91–00344–CV.

Court of Appeals of Texas, El Paso.

April 22, 1992.

Opinion on Motion for Rehearing June 10, 1992.

Rehearing Overruled July 8, 1992.

Karen Anne Lerner, Houston, for appellant.

Bart Wulff, Dallas, for appellees.

Before OSBORN, C.J., and KOEHLER and BARAJAS, JJ.

## OPINION

OSBORN, Chief Justice.

This is an appeal from a take-nothing summary judgment in a suit filed by a workers' compensation claimant against a party hired to adjust claims for the compensation carrier. The appeal raises, for the first time in Texas, the question of whether an adjusting firm has the same duty of good faith and fair dealing that the insurance company has to a workers' compensation claimant. Having concluded that such a duty does exist, we reverse and remand to the trial court.

### Facts

Rosa Natividad, while an employee of Revco, sustained accidental injuries in the course of her employment on October 27, 1987 and on June 14, 1988. Both claims were settled following appeals of board awards to the district court.

Revco had workers' compensation insurance with National Union Fire Insurance

Company. Alexsis, Inc. entered into an agreement to provide the services of investigating, adjusting and handling all claims of Revco employees. This suit was filed against National Union Fire Insurance Company of Pittsburgh, Pennsylvania, Alexsis, Inc. and its adjuster, William Steen and Revco. Settlements were made with National Union and Revco and they were dismissed from the suit.[1] The claims against the Appellees in this case were disposed of by summary judgment.

### Pleading

In Plaintiff's Fifth Amended Petition, it was alleged that after her injuries, payments were not timely made of compensation benefits to which the claimant was entitled. The pleading asserted against these Appellees the following causes of action: (1) breach of the duty of good faith and fair dealing; (2) fraud; (3) economic duress, oppression and outrage; (4) negligent infliction of emotional distress; and (5) extreme and outrageous conduct which causes severe emotional distress as set forth in Restatement (Second) of Torts § 46 (1965).

### Breach of Duty of Good Faith and Fair Dealing

In *Arnold v. National County Mutual Fire Insurance Company*, 725 S.W.2d 165 (Tex.1987), the Court held that insurers have a duty of good faith and fair dealing to their insureds. The Court recognized this duty because "[a]n insurance company has exclusive control over the evaluation, processing and denial of claims." *Arnold*, 725 S.W.2d at 167. In his concurring opinion, Justice Gonzalez indicated that one of the elements of the cause of action was a contract between the insurer and the insured.

Just over a year later, the Court in *Aranda v. Insurance Co. of North America*, 748 S.W.2d 210 (Tex.1988) applied that same duty in a case between a compensation claimant and the compensation carrier.

The Court said: "The contract between a compensation carrier and an employee creates the same type of special relationship that arises under other insurance contracts." *Id.* at 212. Of course, there is no contract between the carrier and the employee. The contract is between the carrier and the employer who selects the carrier, the term of the policy and agrees as to the premium to be paid. But, the employee is certainly the beneficiary of what Justice Spears said was "a three-party agreement entered into by the employer, the employee, and the compensation carrier." *Id.* at 212. The employee establishes a breach of that duty by showing that the carrier has refused to pay or delayed payment of the benefits of the policy without a reasonable basis and that the carrier knew or should have known that there was no reasonable basis for denying the claim or delaying payment of the claim.

Apparently, no Texas court has considered the question of whether the duty which the Supreme Court applied in the *Arnold* and *Aranda* cases should apply to a company which does not issue insurance policies but only does the adjusting of claims for an insurance company which provides the compensation coverage. In this case, there is no contract between Rosa Natividad and Alexsis, Inc., and there is no contract between her employer, Revco and Alexsis, Inc., but, there is a contract whereby Alexsis, Inc. agreed to handle the claims of Revco employees under the policy issued by National Union. Rosa Natividad was just as much a beneficiary under that contract as was Mr. Aranda under the insurance policy issued by Insurance Company of North America. She was to receive whatever benefits the law provided for an employee injured on the job from the carrier who provided the compensation coverage. In this case, the actual funds may have been provided by National Union (as opposed to INA which both wrote the coverage and provided the adjusting services in the *Aranda* case) but the responsibility

---

1. The briefs indicate payments on the compensation claims totaled $44,589.36 and the settlements in this case have totaled $77,500.

to see that those funds were properly and timely paid rested upon Alexsis, Inc. under its contractual obligation to adjust the claims of Revco employees.

This issue was recently considered by the Supreme Court of Colorado in *Scott Wetzel Services, Inc. v. Johnson*, 821 P.2d 804 (Colo.1991). In that case, suit was against an independent adjusting company acting on behalf of a self-insured employer, Safeway Stores, Inc. The trial court entered a directed verdict on the grounds that there had to be an insurance contract between the parties, or at least the plaintiff had to be a beneficiary of an insurance contract issued by the defendant. Neither Scott Wetzel Services, Inc. in that case, nor Alexsis, Inc. in this case issue any insurance policies. In the Court's opinion, Justice Lohr noted that the self-insured employer could not relieve itself of its obligation of good faith and fair dealing by contracting out its responsibilities. We agree, and in this case, National Union's duty was not changed by its hiring an adjusting firm to settle claims of Revco employees. The Colorado Court held that its compensation act "was intended to supply every employee within its protection with a more or less summary and speedy procedure ... to recover compensation for any injury from an industrial accident...." *Johnson*, 821 P.2d at 812. Thus, the duty of good faith and fair dealing was held to be applicable to the independent adjusting firm. The Court noted that without such an obligation, claims adjusting services could create obstacles to prompt payments. In a dissenting opinion, Chief Justice Rovira stated that the duty should not be extended to the adjusting firm and noted that if the adjusting firm improperly handles claims of Safeway employees that they would have a remedy against Safeway which had the non-delegable duty of good faith and fair dealing.

In *Aranda*, the Court said: "The purpose of the Workers' Compensation Act is to provide speedy, equitable relief to an employee injured in the course of his employment." *Aranda*, 748 S.W.2d at 212. We conclude that purpose can best be served by requiring those firms which are to provide that "speedy, equitable relief" have the duty to do so in good faith and fair dealing even though there exists a duty upon the part of the insurance carrier to also fulfill that duty.

■ In the plaintiff's petition, it is alleged that compensation payments were not promptly and timely sent to the claimant. There is no proof to the contrary. The Appellees have not established, as a matter of law, that all payments were promptly and timely made; and therefore, an issue exists as to whether there was a delay in payments which could be a breach of the duty of good faith and fair dealing.

■ The Appellees urged in the Motion for Summary Judgment that by entering into a settlement with National Union, the claimant settled her claims for breach of any duty of good faith and fair dealing. That settlement agreement is not part of the record before this Court, and there is no proof which could establish that release as a defense to the claims against these Appellants. Even if a settlement was made, and claimant does not suggest otherwise, these Appellants can obtain the benefit of that settlement upon trial of the claims against them under the one satisfaction rule. *Stewart Title Guaranty Company v. Sterling*, 822 S.W.2d 1 (Tex.1991).

■ Insofar as a claim is made against the employee who worked for Alexsis, Inc., Bill Steen, in the handling of this claim, we conclude that he had no duty of good faith and fair dealing. He did not issue an insurance policy and did contract with the carrier which issued the policy to provide any adjusting services. The adjusting firm which contracted to provide the adjusting services had the duty of good faith and fair dealing and not each one of its employees. The trial court erred in granting summary judgment as to the cause of action for good faith and fair dealing against Alexsis, Inc.

### Common Law Fraud

■ The general allegation of fraud in the petition is related to specific factual allegations some of which are not even

related to these Appellees but relate to conduct of her employer, Revco. She alleges that on occasions, she was told her file was lost. She says on other occasions she was treated with rudeness and hostility. She alleges payments were not commenced despite her numerous telephone calls. All of these allegations may allege facts to establish a breach of the duty of good faith and fair dealing, but they are not allegations of fraud. Appellant also contends that she has a cause of action for misrepresentations as to benefits payable to her which give rise to a cause of action under Section 16 of Article 21.21 of the Insurance Code. The 18 page amended petition makes no mention of any violation of the insurance code and the argument as to its application is not supported by the pleadings. We conclude that the trial court properly granted the summary judgment as to the cause of action for fraud.

### Economic Duress, Oppression and Outrage

 This is another case where an Appellant in a single point of error attacks a summary judgment which disposed of multiple causes of action. This is little help to a court which is required to review a lengthy transcript and decide what issues have been raised and the proper disposition of the appeal. See *A.C. Collins Ford, Inc. v. Ford Motor Company*, 807 S.W.2d 755, 760 (Tex.App.—El Paso 1990, writ denied). In this case, the subheadings in Appellant's brief make no mention or reference to a claim for economic duress, oppression and outrage. The reason that claim is not in the subheading is because it is not discussed in the brief. We conclude any error in denying recovery as to this alleged cause of action has not been preserved for appeal and the error, if any, is waived.

### Emotional Distress

 The Appellant alleged the Appellees were liable for negligent infliction of emotional distress and for extreme and outrageous conduct which causes severe emotional distress. She relies upon the holding in *St. Elizabeth Hospital v. Garrard*, 730 S.W.2d 649 (Tex.1987) which held that proof of physical injury resulting from mental anguish is no longer an element of the common law action for negligent infliction of mental anguish. Although there are affidavits attached to the Motion for Summary Judgment which state that the adjuster handling this claim had no intention to cause Ms. Natividad any emotional distress, the issue of intent is dependent upon the fact finder's determination of the credibility of the witness and is usually a fact issue. We conclude that the affidavit of Bill Steen that he intended no harm to Ms. Natividad will not support a summary judgment where he is a party to the suit with a vital interest in its outcome. *Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432 (Tex.1986); *Allied Chemical Corporation v. DeHaven*, 752 S.W.2d 155 (Tex. App.—Houston [14th Dist.] 1988, writ denied). As to the cause of action for emotional distress, the trial court erred in granting summary judgment.

### Sixth Amended Petition

 In a second point of error, it is asserted that the trial court erred in refusing to consider the Appellant's Sixth Amended Petition. The Motion for Summary Judgment was heard on May 3, 1991. This final amended pleading was filed with the district clerk on May 28, 1991. For the first time, a pleading was filed with allegations of a violation of Section 16 of Article 21.21 of the Texas Insurance Code. Such reference to a violation of the insurance code was a new allegation, and the trial court was not required to consider a new alleged cause of action after all responses had been filed in accordance with its Pretrial Order. That order specified a date for filing the Fifth Amended Petition on March 15, 1991. If a new cause of action can be pled after a court takes a motion for summary judgment under advisement, no summary judgment would ever be valid. Surely all causes of action from a June 1988 accident were evident by March 1991.

We sustain Point of Error No. One in part and overrule it in part. We overrule Point of Error No. Two.

The judgment of the trial court is reversed in part, and the case is remanded for trial of the cause of action as to good faith and fair dealing against Alexsis, Inc. and as to the cause of action for emotional distress against Alexsis, Inc. and Bill Steen, and in all other respects the judgment of the trial court is affirmed.

BARAJAS, Justice, concurring.

While I find myself in agreement with the majority's holding, I find it necessary to concur with the majority opinion. The decision to write separately, however, in no way reflects disagreement with the reasoning inherent in the opinion of the majority. Instead, my concurrence results only from a desire to expand upon the policy reasons that support the majority's holding.

As the majority correctly states, an independent claims adjusting company, entrusted to administer an employer's workers' compensation plan, does have a duty of good faith and fair dealing to the employer's claimants. Indeed, such a duty exists even though there is no contractual privity between the independent claims adjusting company and the claimant. Aside from being legally sound, the imposition of such a duty is dictated by public policy.

In the context of workers' compensation, the duty of an insurance carrier is to provide speedy, equitable relief to those employees injured in the course of their employment. See *Aranda v. Insurance Co. of North America*, 748 S.W.2d 210 (Tex. 1988). Significantly, fulfillment of this duty necessarily entails the exercise of a great deal of discretion.

At the outset, it is generally within the discretion of an insurance carrier to act as its own claims adjuster or, in the alternative, contract with an independent claims adjusting company. If an insurance carrier chooses to adjust its own claims, *Aranda* unequivocally imposes the duty of good faith and fair dealing. *Id.* However, prior to the majority's decision in the instant case, Texas law had not directly addressed the legal ramifications that would result if an insurance carrier exercised its discretion by delegating the adjustment of claims to an outside entity. Despite this fact, there was and is a strong public policy argument against a "discretionary avoidance" of the duty of good faith and fair dealing.

If independent claims adjusting companies are not governed by the holding in *Aranda*, insurance carriers would be able to exercise their discretion in such a way as to avoid the duty of good faith and fair dealing. That is not to say that under the law prior to the majority's decision a claimant could not sue an insurance carrier if the carrier's adjuster acted in "bad faith." Instead, such a statement suggests that the rationale behind the duty of good faith and fair dealing could effectively be avoided because independent claims adjusting companies would not be required to "provide speedy, equitable relief to an employee injured in the course of his employment." *Aranda*, 748 S.W.2d at 212. Such a result is clearly contrary to public policy.

The duty of an independent claims adjusting company, engaged by an employer or carrier to administer the employer's workers' compensation plan, is distinct from that of an insurance carrier. An independent claims adjusting company is entrusted to make the initial determination of a claimant's eligibility for benefits, to investigate any employee disability claims, to obtain pertinent medical reports, to pay any medical bills and equally as important, to insure that employee compensation is properly and timely paid. Through the performance of the above services on behalf of the insurer, Appellee Alexsis, Inc. was obligated to effectively deliver workers' compensation benefits and take the steps necessary to perform the carrier's duty of good faith and fair dealing owed to its claimants.

## OPINION ON MOTION FOR REHEARING

In their Motion for Rehearing, the Appellees urge that the Court erred in reversing in part the take-nothing summary judgment of the trial court.

*Duty of Good Faith and Fair Dealing*

It is argued that we have departed from long recognized law that an employee is a party to a workers' compensation policy. We recognized that a three-party agreement exists between the employer, the employee and the compensation carrier as Justice Spears stated in *Aranda v. Insurance Co. of North America*, 748 S.W.2d 210, 212 (Tex.1988). We are unwilling to say that employees are a party to the contract. Do employees have any say in which carrier writes the policy for their employer? Do their names appear on the contract? If the carrier cancels the contract, must notice of cancellation be given to each and every company employee? If they are a party to the contract, can they be sued for nonpayment of premium by the employer? To each question the answer is no. Thus, we conclude they are not a party to the contract even though the three-party agreement does exist to provide compensation coverage as provided for in the compensation statute.

The employee is a beneficiary under the policy of insurance issued to the employer. In this case, Rosa Natividad was a beneficiary of the compensation policy issued to her employer by National Union Fire Insurance Company. When that carrier chose to contract away its right to adjust and pay claims thereunder to Alexsis, Inc., Rosa Natividad became a beneficiary under that contract and she was entitled to require Alexsis, Inc. to discharge the duty of good faith and fair dealing in the handling and payment of any compensation claim she had while an employee of Revco.

We believe the rule applied in *Aranda* to an employee who was not a party to the contract with Insurance Company of North America should be extended in this case to an employee who was not a party to the contract with the adjusting company for the reasons set forth in *Scott Wetzel Ser-* *vices, Inc. v. Johnson*, 821 P.2d 804 (Colo. 1991). We recognize that the courts of this state have declined to extend the duty of good faith and fair dealing to many contractual relationships, but those cases do not involve the insurance industry which has the disparity of bargaining power and the exclusive control over the processing of claims which was the basis for the *Aranda* decision. 748 S.W.2d 210, 212.[1] If we are mistaken as to our analysis of the *Aranda* case and there must be a contractual relationship between the plaintiff and the defendant, then Alexsis, Inc. was not under a duty to exercise good faith and fair dealing with Ms. Natividad, and the summary judgment in its favor should not be reversed on this issue. Point of Error No. One is overruled.

*Emotional Distress*

The Appellees urge that intent is not an element of the cause of action for negligent infliction of emotional distress or for extreme and outrageous conduct which causes severe emotional distress and that the judgment of the trial court should be affirmed even if an issue exists as to the intent of William Steen. His affidavit states he had no intent to cause any emotional distress to Ms. Natividad. That affidavit does not establish that the conduct about which complaint is made concerning delay in the payment of claims did not occur. No proof was offered to establish as a matter of law that she did not have emotional distress from procedures used by the adjusting company in the handling and payment of her claims. There was no burden on the plaintiff at the summary judgment to prove her claim, and the defendant did not establish the lack of such a claim as a matter of law. Points of Error Nos. Two. Three and Four are overruled.

The Motion for Rehearing is overruled.

1. *Federal Deposit Insurance Corp. v. Coleman*, 795 S.W.2d 706, 708–709 (Tex.1990); *English v. Fischer*, 660 S.W.2d 521, 522 (Tex.1983); *Georgetown Associates, Ltd. v. Home Federal Savings & Loan Association*, 795 S.W.2d 252, 255 (Tex. App.—Houston [14th Dist.] 1990, writ dism'd w.o.j.); *Hicks v. Baylor Univ. Medical Center*, 789 S.W.2d 299, 303–304 (Tex.App.—Dallas 1990, writ denied); and *Cluck v. Frost National Bank of San Antonio*, 714 S.W.2d 408 (Tex. App.—San Antonio 1986, writ ref'd n.r.e.).

KOEHLER, Justice, dissenting on motion for rehearing.

I now respectfully dissent from the position taken by this Court in response to Appellees' Motion for Rehearing on the question of whether an independent claims adjusting company owes a duty of good faith and fair dealing to an injured employee. While I agree with the reasoning of the majority with respect to the lack of any real contractual relationship between the compensation carrier and the employee, our Supreme Court has long held to the fiction, and continues to so hold, that there is a three-party agreement or contract between the employer, the employee and the carrier. *Aranda v. Insurance Co. of North America*, 748 S.W.2d 210 (Tex.1988); *Southern Casualty Co. v. Morgan*, 12 S.W.2d 200 (Tex.Comm'n App.1929, judgm't adopted). The Supreme Court has found a contractual relationship between the employee and the carrier based on the fiction that there was a promise for a promise, i.e., that the carrier promised to compensate the employee for injuries sustained in the course of employment and the employee agreed to forego his common law rights against his employer. While the employee under both the previous compensation act, Tex.Rev. Civ.Stat.Ann. art. 8306, § 3a (Vernon 1967), and the present act, Tex.Rev.Civ.Stat.Ann. art. 8308–3.08 (Vernon Pamph.1992) was and is held to have waived his right to pursue his common law cause of action for injuries received in the course of employment unless he gives his employer notice in writing at the time of employment that he wishes to retain that right, in the real world, he has no such choice in the matter. Nevertheless, the Supreme Court has tied the good faith and fair dealing duty to the special relationship that arises as a result of the "contract between a compensation carrier and an employee." *Aranda*, 748 S.W.2d at 212.

Alexsis had a contractual relationship with the carrier, National Union Fire Insurance Company, to investigate and adjust compensation claims made by Revco employees. Presumably, Alexsis was an independent contractor. National Union had the duty to exercise good faith and fair dealing in handling those claims. Although the question is not before us, Natividad's claim against National Union for breach of the good faith duty having been settled and dismissed, it is within the realm of legal possibility that the duty is one the liability for breach of which the carrier cannot contract away. However, unless we indulge in the further fiction that the employee is a party to the contract between the carrier and Alexsis, Natividad's bad faith claim against Alexsis cannot be grounded on the same rationale as her similar claim against National Union.

Furthermore, the attempt by the majority to ground Natividad's bad faith claim against Alexsis on the theory that she was a third-party beneficiary of the contract between Alexsis and National Union is unsupported by the pleadings, the evidence and the law. As pointed out by Appellees, Natividad did not plead that she was a third-party beneficiary of that contract nor is that contract in the record, the absence of which prevents us from ascertaining the intention of the parties. In *Corpus Christi Bank and Trust v. Smith*, 525 S.W.2d 501, 503 (Tex.1975), Justice Pope said that "[t]he intention of the contracting parties is of controlling significance to a determination that a third party may enforce the contract provision. [Citation omitted]. In deriving intent, we must begin with the presumption that parties contract for themselves, and a contract will not be construed as having been made for the benefit of third parties unless it clearly appears that such was the intention of the contracting parties. [Citations omitted]." In our case, we have no evidence from which we can possibly derive the necessary intent to benefit Natividad.

For these reasons and under the facts and record before us, this Court should withdraw its previously issued opinion and in a substituted opinion, affirm the trial court's summary judgment as to the breach of the good faith duty cause of action against both Appellees.